IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NORM EGGERS,

        Plaintiff,

v.

PALISADES COLLECTION,
JOANNE BERGMANN, PETOR FISH,
ARTHUR STERN, GARY STERN,
MITCHELL COHEN, STEPHEN D.
AXELROD, AND MITCHELL HERMAN,

        Defendants.

COURT FILE NO.: 1:09-cv-0142 DFH-JMS

## RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT OF DEFENDANT PALISADES COLLECTION, LLC

Defendant Palisades Collection, LLC ("Palisades") (improperly named as "Palisades Collection"), hereby responds to the Motion for Default Judgment of Plaintiff Norm Eggers ("Plaintiff"). As Palisades timely filed its Motion to Dismiss, Plaintiff's Motion for Default Judgment is completely without merit and was interposed for the sole purpose of delay. Moreover, Plaintiff has yet to provide any proof of service upon any party, thus negating his request for a default judgment.

## PROCEDURAL POSTURE

On February 9, 2009, Plaintiff, acting *pro se*, filed five complaints against numerous defendants alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692p. (Docket No. 2). On that same day, Plaintiff filed a motion for joinder, which is pending. (Docket No. 8). On February 24, 2009, despite having not been served, but in an

1387548v1

effort to prevent any frivolous attempt to seek a default, Palisades filed it Motion to Dismiss and supporting documents. (Docket Nos. 20 and 21). Despite these efforts, Plaintiff filed a Motion for Default Judgment against it and also against individuals currently and/or formerly associated with it. As noted in Palisades' memorandum supporting its motion to dismiss, there has been no showing by Plaintiff that he has served any party. (Docket No. 21, FN2).

## LEGAL STANDARD

Rule 12 of the Fed. R. Civ. P. sets forth that a defendant must serve an answer within 20 days of being served with a Summons and Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Service is effective upon an individual by delivering a copy of the summons and complaint to the individual personally, by leaving the documents at the individual's place of dwelling or abode upon a person of suitable age and discretion, who also resides there, and by delivering the documents to an individual authorized by appointment or law. Fed. R. Civ. P. 4(e). Moreover, service upon a business entity may be made by delivering a copy of the documents to an officer or authorized agent. If the agent is authorized by statute, mailing of the documents to the registered agent may also constitute service. Fed. R. Civ. P. 4(h).

A motion to dismiss for failure to state a claim must be brought in lieu of a responsive pleading. Fed. R. Civ. P. 12(b).

## ARGUMENT

### I.  PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT FAILS.

When Palisades filed its Motion to Dismiss on April 24, 2009, it had not yet been served.  Indeed, its counsel had located the instant claim via a docket review.  Moreover, Plaintiff has failed to file any documentation indicating a date of service as to any defendant and does not allege any date of service in his Motion to Dismiss.

Moreover, as a matter of course, the Fed. R. Civ. P. provides for the filing of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) in lieu of an answer.  Palisades filed its Motion to Dismiss on April 24, 2009, before it was required to do so and out of an abundance of caution, understanding that *pro se* litigants may be prone to misunderstanding the rules that govern practice before the Court.  Despite its best efforts, it is now required to incur needless fees as a result of Plaintiff's improper motion.

Finally, Palisades believes it is worth noting the following:  (1) the individuals also named in the Complaint against it are, or were formerly associated with Palisades, but (2) even if service had been made upon Palisades, which it had not, such service does not constitute service upon individuals who are associated with Palisades or who used to be associated with Palisades.  *See*, Fed. R. Civ. P. 4.  As such, Palisades requests that the Court invite or order that Plaintiff produce valid proof of service as to any party from which he seeks a default judgment.

## CONCLUSION

For all of the reasons set forth above, the Court should deny Plaintiff's Motion for Default Judgment in its entirety.

                                        Respectfully submitted,

                                        MOSS & BARNETT
                                        A Professional Association

Dated: May 27, 2009                  /s/ Michael S. Poncin
                                        Michael S. Poncin (MN: 296417)
                                        4800 Wells Fargo Center
                                        90 South Seventh Street
                                        Minneapolis, MN 55402
                                        Telephone: 612.877.5000
                                        Facsimile: 612.877.5999

                                        PoncinM@moss-barnett.com

                                        **Attorneys for Defendant Palisades Collection LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties (Robert E. Stochel - res@reslaw.org) by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Plaintiff Norm Eggers was served via U.S. Mail at 111 Hooten Boulevard, Madison, IN 47250-2634.

Dated at Minneapolis, Minnesota on this 27th day of May 2009.

/s/Michael S. Poncin
Michael S. Poncin (MN: 296417)
Moss & Barnett, PA
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
Telephone:  612.877.5000
Facsimile:  612.877.5999
PoncinM@moss-barnett.com

**Attorneys for Defendant Palisades Collection LLC**