**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| NORM EGGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:09-cv-142-DFH-JMS |
| | ) | |
| R.T. SHEPARD, Chief Justice, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.      The plaintiff's motion for default judgment (dkt 25) is **denied**, because the plaintiff does not show through such motion, and the record does not establish, that the defendants identified in the caption of such motion have either been served with process or have waived service of process and have failed to answer the complaint as required by the *Federal Rules of Civil Procedure. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444-45 (1946)("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served."). In the case of one such defendant, moreover, it has actually appeared in the action and has filed a motion to dismiss.

2.      The correct name of the defendant identified in the caption and on the docket as "Palisades Collection" is Palisades Collection, LLC, and the **clerk shall correct the name** on the docket. The caption shall also hereafter be amended to show the correct name of this defendant to be Palisades Collection, LLC.

3.     The plaintiff's motion for joinder of claims and defendants (dkt 8) is **granted** to the extent that he shall have **through July 6, 2009,** in which to **file a single amended complaint** in which he asserts all intended claims against all defendants. In doing so, the amended complaint shall not add defendants or claims not contained in one or more of the five complaints filed in this action on February 9, 2009. In connection with the foregoing instructions and effort, however, the plaintiff is **notified** that (1) *the amended complaint will completely replace and supersede the original complaints, Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999), and (2) if the amended complaint violates the misjoinder of claims rule highlighted in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)(explaining that, pursuant to Rule 18(a) of the *Federal Rules of Civil Procedure,* "multiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits. . . ."), the amended complaint will be "rejected." *Id.* Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed.R.Civ.P. 20(a).

So ordered.

_David F. Hamilton_

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date:  June 9, 2009

Distribution:

Norm Eggers
111 Hooten Blvd.
Madison, IN 47250-2634

Robert E. Stochel
HOFFMAN & STOCHEL
res@reslaw.org

Michael S. Poncin
MOSS & BARNET
poncinm@moss-barnett.com