**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| NORM EGGERS,                )  |  |
|                             )  |  |
|          Plaintiff,         )  |  |
| v.                          )  | No. 1:09-cv-142-DFH-JMS |
|                             )  |  |
| BOWMAN HEINTZ BOSCIA &      )  |  |
|  VICIAN, P.C., et al.       )  |  |
|                             )  |  |
|          Defendants.        )  |  |

### Entry Discussing Motion for Summary Judgment

This is an action by Norm Eggers against various defendants for violation of the Fair Debt Collection Practices Act ("FDCPA"). Defendants Bowman Heintz Boscia & Vician, P.C., Glenn S. Vician, Gerald E. Bowman, George W. Heintz, James D. Boscia, Tim Zahorsky, and Lorena D. Arnold (collectively "Bowman Heintz") seek resolution of Eggers' claim through the entry of summary judgment.[1] For the reasons explained in this Entry, Bowman Heintz's motion for summary judgment (dkt 14) is **granted**. In addition, as explained in this Entry, summary judgment is entered in favor of Palisades Collection, LLC ("Palisades").

### Background

In this lawsuit, Eggers alleges that Bowman Heintz and Palisades violated the FDCPA. Bowman Heintz seeks summary judgment, arguing that Eggers traveled this road before in an action in the Jefferson Superior Court (hereafter "the state action"). In the state action, Bowman Heintz Boscia & Vician, P.C. filed a lawsuit against Eggers on behalf of Palisades. In response, Eggers filed an Answer and Cross-Complaint against Palisades. Shortly thereafter, Eggers amended his Answer and Cross-Complaint to include Bowman Heintz. The amended Cross-Complaint alleged that Bowman Heintz, among others, violated of the FDCPA, the Fair Credit Reporting Practices Act, the Indiana Racketeering Influence Corrupt Organizations Act, and committed fraud, deception, and attempted extortion.

---

[1] On July 21, 2009, the court dismissed without prejudice the claims against Glenn S. Vician, Gerald E. Bowman, George W. Heintz, James D. Boscia, Tim Zahorsky, and Lorena D. Arnold. The dismissal of claims against these defendants was improper and is **vacated.**

Eggers moved for summary judgment on Palisades' claim against him arguing that no enforceable debt existed and that Bowman Heintz violated the FDCPA. On the parties' agreement, the Jefferson Superior Court dismissed all of Eggers' claims except Count I, the count alleging violation of the FDCPA. Palisades then moved for summary judgment against Eggers. The court granted Palisades' motion and dismissed Eggers' remaining claims with prejudice. Eggers filed a motion to correct errors, which the court denied. Eggers' ensuing appeal to the Indiana Court of Appeals was dismissed because of his failure to comply with the *Indiana Rules of Appellate Procedure.*

## Discussion

As noted, Bowman Heintz seeks resolution of Eggers' claim through the entry of summary judgment. Its argument is that Eggers' claims are barred by the doctrine of *res judicata* based on the disposition of the state action. Its motion for this resolution is also deemed applicable to the claims against Palisades. See *Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 280 (7th Cir. 1986) ("Where one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion.").

Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." **F.R.Civ.P.** Rule 56(c). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

"'[A] party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999)(quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). In doing this the non-movant may and should be expected to comply with applicable rules governing the presentation of information. "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." **Fed.R.Civ.P.** 56(e)(2).

The doctrine of *res judicata* exists to protect "a victorious party from being dragged into court time and time again by the same opponent on the same cause of action." See *Lee v. Village of River Forest,* 936 F.2d 976, 981 (7th Cir. 1991). "The doctrine of *res judicata* reflects the refusal of law to tolerate needless litigation. Litigation is needless if, by fair process, a controversy has once gone through the courts to conclusion."*Angel v. Bullington,* 330 U.S. 183, 193-94 (1947)(internal citations omitted).

When determining whether the *res judicata* doctrine applies, a federal court must give the same preclusive effect to state court judgments as would the state court. 28 U.S.C. § 1738. Under Indiana law, a state court judgment precludes all claims that were litigated or could have been litigated in the prior case when four requirements are met: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was rendered on the merits; (3) "the matter now in issue was, or could have been, determined in the prior action"; and (4) the prior judgment was rendered in a suit between the parties to the new lawsuit or parties in privity with them. *Small v. Centocor, Inc.,* 731 N.E.2d 22, 26 (Ind.Ct. App. 2000); *accord, Perry v. Gulf Stream Coach, Inc.,* 871 N.E.2d 1038, 1048 (Ind. Ct.App. 2007); *Dawson v. Estate of Ott,* 796 N.E.2d 1190, 1195 (Ind.Ct.App. 2003).

Here, Eggers was sued in the state action and cross-claimed against Bowman Heintz and Palisades for alleged violation of the FDCPA. The FDCPA claim was dismissed with prejudice as to these defendants in the state action. All four elements of *res judicata* are satisfied. First, the Jefferson Superior Court is a court of competent jurisdiction. See *Small,* 731 N.E.2d at 27 (the Marion County Superior Court is a court of competent jurisdiction). Next, the Jefferson Superior Court's dismissal of Eggers' FDCPA claim with prejudice was a judgment on the merits. *Richter v. Asbestos Insulating & Roofing*, 790 N.E.2d 1000, 1002 (Ind.Ct.App. 2003) (*citing Ilagan v. McAbee*, 634 N.E.2d 827 (Ind.Ct.App. 1994)) ("A dismissal of a party's claim with prejudice is a dismissal of the claim on the merits."). Third, the claim Eggers brings in this lawsuit, the alleged violation of the FDCPA, is the same claim that he brought in the state action. Finally, Eggers, Bowman Heintz, and Palisades were the parties in the state action. Because all of these elements are met, Eggers' claims against Bowman Heintz and Palisades are barred by the doctrine of *res judicata*.

For the foregoing reasons, the motion for summary judgment is **granted**. Palisades' separate motion to dismiss is denied as moot. These rulings now resolve all claims against all parties, and judgment consistent with this Entry and with the prior rulings in this case shall now issue.

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: August 11, 2009